**HONORABLE KYMBERLY K EVANSON**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW LEONARD, JAMES FRAZIER, AND CHARLES FRYE, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>MCMENAMINS, INC.,<br><br>               Defendant. | Cause No.:2:22-cv-00094-KKE<br><br>**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 29, 2024 |

## I.    INTRODUCTION

Plaintiffs Andrew Leonard, James Frazier, and Charles Frye (collectively, "Plaintiffs") respectfully request that the Court modify its Order Setting Trial Date and Pretrial Schedule entered on April 15, 2022 (Dkt. 17). A proposed Amended Scheduling Order is being filed with this Motion.

Plaintiffs request that the current **October 15, 2024** trial date be extended until **February 12, 2025** or as close a date thereto as the Court's schedule permits. Plaintiffs additionally request that all pretrial deadlines be extended concomitantly with the new trial date and in accordance with the Court's Chambers Procedures for Civil Cases.

There is good cause for this motion based on the delay caused by Defendant's obstruction of discovery, which has necessitated two motions to compel production of

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

documents; the work still to be completed in this case; the sudden leave of absence of Plaintiffs' primary counsel who was managing the discovery process; and counsel's schedules in other matters, including conflicts with the currently scheduled trial date.

## II.    FACTS AND PROCEDURAL HISTORY

Plaintiffs allege, in this data privacy and consumer protection class action, that Defendant McMenamins, Inc., required its employees to disclose their personal identifying information as a condition of their employment, and then failed to adopt reasonable precautions to prevent their information from being stolen by hackers. Plaintiffs allege that, as a result, thousands of employees have lost the privacy of their personal information and have been exposed to its misuse by criminals. Dkt. 1.

This Court denied Defendant's motion to dismiss for lack of standing in September 2022 (Dkt. 24). Since that time, Plaintiffs have diligently pursued discovery but have been met with stonewalling for nearly the entirety of the discovery period. As the Court is aware from Plaintiffs' Motion to Compel (Dkt. 39), Plaintiffs' First Set of Requests for Production, Interrogatories, and Admission were served on October 21, 2022. *See* Declaration of Jason S. Rathod, Sept. 14, 2023 (Dkt. 40) ("First Rathod Decl."), at ¶ 2. After several attempts to press for proper discovery responses, Defendant made its first production the week of June 5, 2023, which consisted of 13 documents. First Rathod Decl., at ¶ 8. Plaintiffs made additional attempts to obtain proper discovery through meet and confer conferences, but Defendant did not make an additional production until September 25, 2023, after Plaintiffs had been forced to draft and file their Motion to Compel. *See* Declaration of Matthew A. Smith, Sept. 14, 2023 (Dkt. 41) ("First Smith Decl."), at ¶¶ 2-3. Because that production maintained improper objections and continued to be inadequate, the Motion to Compel remained pending. Plaintiffs served their Second Set of Requests for Production of Documents on August 23, 2023, and Defendant refused to substantively

PLAINTIFFS' MOTION TO AMEND SCHEDULING
ORDER - 2
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  respond at all. *See* Declaration of Matthew A. Smith, Oct. 19, 2023 (Dkt. 50) ("Second

2  Smith Decl."), at ¶¶ 2-6.

3      On December 6, 2023, the Court largely granted Plaintiffs' Motion to Compel,

4  setting a timetable by which Defendant had to comply with the order. *See* Order, Dec. 6,

5  2023 (Dkt. 54). Defendant has made supplemental productions in response to the order

6  and Plaintiffs are evaluating their sufficiency as well as the need for additional discovery,

7  including additional written discovery and corporate depositions based on the

8  supplemental productions, which will inform Plaintiffs' expert reports.  *See* Declaration of

9  Jason S. Rathod, filed herewith ("Third Rathod Decl."), at ¶ 2.

10     Plaintiffs' efforts have recently been slowed by the sudden leave of Plaintiffs'

11 counsel Matthew Smith in January, who was leading the discovery efforts on the Plaintiff-

12 side. Third Rathod Decl., at ¶ 3. Other counsel who have been active in discovery efforts,

13 including Mr. Rathod, have had competing professional obligations during the past few

14 months and are re-structuring obligations in order to continue pushing discovery forward

15 after Mr. Smith's departure. Third Rathod Decl., at ¶ 4.  For example, Mr. Rathod is on

16 the 12-person Plaintiff Steering Committee in *In re: Philips Recalled CPAP Recalled*

17 *Products Litigation*, MDL No. 3014 (W.D. Pa.) and co-chair of the Science and Experts

18 Committee. The litigation concerns millions of defective devices subject to an FDA recall

19 and is one of the largest MDLs pending in the federal court system. Expert reports in the

20 case are due in May.  Last month, Mr. Rathod also had oral argument on a pending motion

21 for class certification, cross-motions for summary judgment, and competing *Daubert*

22 motions in a putative class action case.  Third Rathod Dec. at ¶ 4.

23     In advance of this motion, Plaintiffs made several efforts to reach out to Defendant

24 to obtain consent for a stipulated schedule, but were ignored and then rebuffed. Plaintiffs'

25 counsel Nicholas Migliaccio reached out by email to lead counsel for Defendant,

26 Christoper Wall, on March 4, 2024, and then by email and phone on March 6, 2024,

PLAINTIFFS' MOTION TO AMEND SCHEDULING
ORDER - 3
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

leaving a voicemail. *Id.* at ¶ 5. On March 6, Defendant's counsel said he would find a time that would work to confer and follow-up.

Having not heard back, on March 14, Plaintiffs' counsel asked in email for Defendant's position on an extension of all deadlines by 120 days. Washington counsel for Plaintiffs, Cindy Heidelberg, followed up with Mr. Wall on March 15, further explained the need for an extension, including Mr. Smith's departure, and sent a proposed stipulated schedule. Mr. Wall responded later that day and said he would not agree to a 120-day continuance but could agree to a 30-day continuance. Later that day, Defendant served notices of deposition for Plaintiffs on dates that were unilaterally set by Defendant for a month after the current discovery cutoff. *Id.*[1] Ms. Heidelberg responded a few hours later, on March 15, further specifying the bases for a 120-day extension, including the discovery disputes between the parties, trial conflicts with a 60- or 90-day extension, and a desire to avoid having important deadlines (and trial) that would fall on the holidays. *Id.* She asked again on March 18 if Defendant would stipulate to 120 days. *Id.* Defendant has not responded. *Id.*

### III.     ARGUMENT

Under Fed.R.Civ.P. 16, the case schedule may be extended where good cause exists, and the delay is not caused by carelessness or less than reasonably diligent action. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). "A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, the scheduled deadlines cannot be met." *Henderson v. ABW Techs., Inc.,* 2009 U.S. Dist. LEXIS 9299, at *2 (W.D. Wash. Jan. 29, 2009) (citing *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002)).

---

[1] Defendant initially scheduled these depositions for December, but then did not move forward with them and never made an effort to reschedule them. *Id.*

Here, good cause exists for continuing the trial date and modifying the pretrial deadlines because Plaintiff cannot effectively complete discovery and prepare for class certification or trial within the time allotted, notwithstanding Plaintiffs' continued diligence.

Specifically, good cause exists because this is a complex class action that involves numerous technical and factual issues, and accordingly, the case continues to require extensive party and third-party discovery. To date, Plaintiff has diligently pursued discovery and attempted to work cooperatively to resolve discovery disputes without Court intervention. However, the stonewalling by Defendant proved too great and necessitated Plaintiff filing two separate motions to compel, which were resolved in December with a deadline for a subsequent production in January of this year.

Plaintiffs request the additional time to, among other things, confer with Defendant on the sufficiency of its supplemental productions, serve additional discovery in light of the (delayed) productions, depose corporate witnesses, and finalize expert reports with the additional factual information. Plaintiffs affirm that the motion is made for these purposes and is not the result of a lack of diligence, undue delay, or bad faith. Plaintiffs' prosecution of the case has been disrupted by the departure of Mr. Smith, who was leading the discovery efforts on the Plaintiff side, and Plaintiffs' counsel have readjusted schedules and caseloads to accommodate this change and move the case forward efficiently. The request is also made to resolve conflicts in the trial date with other scheduled trials and to avoid the holidays, and the case schedule proposed below has been adjusted to align with the Court's Chambers Procedures for Civil Cases

Accordingly, Plaintiffs respectfully request that the Court modify the Scheduling Order by approximately 120 days as set forth in the following chart:

//     //

//     //

//     //

PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER - 5
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | 2/12/2025 |
| Length of trial | 5 Days |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 7/12/2024 |
| All motions related to discovery must be filed by | 8/12/2024 |
| Discovery must be completed by | 9/12/2024 |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (*see* LCR 7(d)). | 10/12/2024 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 12/12/2024 |
| All motions in limine must be filed by | 1/8/2025 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 1/22/2025 |
| Trial briefs, proposed voir dire questions, and deposition designations due | 1/29/2025 |
| Pretrial conference scheduled at 10:00 a.m. on | 2/2/2025 |

I certify that this memorandum contains 1,538 words, in compliance with the Local Civil Rules.

DATED March 19, 2024.

Respectfully submitted,

**BRESKIN JOHNSON & TOWNSEND, PLLC**

By: *s/ Cynthia Heidelberg*
Cynthia Heidelberg, WSBA #44121
1000 Second Avenue, Suite 3670
Seattle, WA 98104
(206) 652-8660 Fax (206) 652-8290
cheidelberg@bjtlegal.com

**MIGLIACCIO & RATHOD LLP**

Nicholas A. Migliaccio, *pro hac vice*
Jason S. Rathod, *pro hac vice*
412 H Street NE
Washington, DC 20002
Tel: (202) 470-3520

PLAINTIFFS' MOTION TO AMEND SCHEDULING
ORDER - 6
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Matthew A. Smith, *pro hac vice*
201 Spear Street, Ste 1100
San Francisco, CA 94105
msmith@classlawdc.com

**STRANCH, JENNINGS & GARVEY, PLLC**

J. Gerard Stranch, IV, *pro hac vice*
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com

**COHEN & MALAD, LLP**

Lynn A. Toops, *pro hac vice*
One Indiana Square, Suite 1400
Indianapolis, IN  46204
ltoops@cohenandmalad.com

**MILBERG  COLEMAN  BRYSON  PHILLIPS
GROSSMAN PLLC**

Gary M. Klinger *pro hac vice*
221 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (919) 600-5000
gklinger@milberg.com

*Counsel for Plaintiffs*

PLAINTIFFS' MOTION TO AMEND SCHEDULING
ORDER - 7
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION TO AMEND SCHEDULING
ORDER - 8
Cause No.: 2:22-cv-00094-KKE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660