UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW LEONARD et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCMENAMINS INC, <br><br> Defendant. | CASE NO. C22-0094-KKE <br><br> ORDER GRANTING MOTION FOR RELIEF FROM DEADLINE |

Defendant McMenamins Inc. ("McMenamins") asks the Court for leave to file its answer over 21 months late. While unmoved by McMenamins' efforts to shift the blame for its failure to Plaintiffs, the Court nonetheless finds McMenamins' extreme delay in answering Plaintiffs' amended complaint does not evidence bad faith. Permitting the filing of the answer now will neither prejudice Plaintiffs nor delay the proceedings. Under Federal Rule of Civil Procedure 6(b)(1), McMenamins has shown excusable neglect and the Court grants its motion to extend time to file its answer.

I.  **RELEVANT BACKGROUND**

This is a data breach case, but only the procedural history of the case is relevant for purposes of this motion. Plaintiffs filed their amended complaint against McMenamins on May 13, 2022. Dkt. No. 18. McMenamins timely moved to dismiss the amended complaint (Dkt. No. 19) which was denied on September 2, 2022 (Dkt. No. 24). The parties continued to litigate this

case, filing a stipulated protective order (Dkt. No. 26), briefing and arguing Plaintiffs' motions to compel (Dkt. Nos. 39–44, 46–50, 53–55, 57–59, 61, 63), and briefing and arguing Plaintiffs' motion to continue (Dkt. Nos. 66–71).

On June 14, 2024, the deadline for dispositive motions, McMenamins moved for summary judgment. Dkt. No. 86. Concurrently, Plaintiffs moved for class certification (Dkt. No. 81) and for partial summary judgment (Dkt. No. 84), arguing for the first time that McMenamins failed to file an answer to the amended complaint and that the Court should consider all Plaintiffs' allegations "judicially admitted" such that McMenamins conceded liability. Dkt. No. 84 at 2. On June 27, 2024, McMenamins filed its answer. Dkt. No. 89. On July 8, 2024, McMenamins filed an amended answer removing all affirmative defenses (Dkt. No. 98) and filed this motion to extend the time to answer Plaintiffs' amended complaint under Federal Rule of Civil Procedure 6(b)(1) and Local Civil Rule 7(j) (Dkt. No. 99). Neither party requested oral argument and the matter is ripe for the Court's consideration.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 6(b)(1), a court may for good cause extend the time to file an answer "if the party failed to act because of excusable neglect." "Excusable neglect 'encompas[es] situations in which the failure to comply with a filing deadline is attributable to negligence[,]' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). To determine when neglect is excusable, courts examine the four *Pioneer* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (applying the *Pioneer* factors to determine excusable neglect on a motion under Rule 6(b)(1)(B)).

Plaintiffs urge the Court to apply the three-factor "good cause" standard used to set aside default judgments. *See* Dkt. No. 104 at 2–3. The Court declines to use this standard because, unlike the cases that apply the "good cause" test, there are no default judgments to vacate here. The Court will address each *Pioneer* factor in turn.

First, the Court finds Plaintiffs will not suffer prejudice by allowing McMenamins to file its answer late. Admittedly, Plaintiffs' motion for partial summary judgment "relie[s] on evidence produced in discovery and admissions made by McMenamins through its failure to answer." Dkt. No. 104 at 4. However, in light of McMenamins' active participation in this litigation and clear intent to defend against the allegations, Plaintiffs' decision to rely on these "admissions" and to seek a substantive ruling based on a technicality instead of the merits was a risk. Any harm to Plaintiffs' chances of succeeding on summary judgment is due to Plaintiffs' strategic decision, not the Court allowing McMenamins to file its answer.

Plaintiffs rely on *Perez v. El Tequila, LLC*, 847 F.3d 1247 (10th Cir. 2017), to show their decision to rely on "admissions made by McMenamins through its failure to answer" was proper. Dkt. No. 104 at 4. But whether it was proper is not the question here. Instead, the question is whether Plaintiffs' choice to rely on such admissions should favor finding they will suffer prejudice by allowing McMenamins to file a late answer. The answer is no. Even in *Perez*, the district court did not find the party relying on such admissions in its dispositive motion would be prejudiced by allowing a late answer. *See* 846 F.3d at 1253 ("The only factor the district court found that weighed against [allowing defendant's late answer] was [defendant's] reason for delay[.]"). Courts in the Ninth Circuit have also allowed late answers, even when an already-filed dispositive motion relies on admissions from a lack of answer. In *AT&T Corp. v. Dataway Inc.*, the Northern District of California allowed AT&T to answer Dataway's counterclaims even after Dataway's opposition to summary judgment "largely relie[d] on allegations from its counterclaims

ORDER GRANTING MOTION FOR RELIEF FROM DEADLINE - 3

because AT&T filed a belated answer to those counterclaims." 577 F. Supp. 2d 1099, 1105 (N.D. Cal. 2008). Similarly, in *Perez-Denison v. Kaiser Foundation Health Plan of the Northwest*, the District of Oregon held that plaintiff filing a late answer to the counterclaims would not prejudice defendant even when defendant's motion for summary judgment "point[ed] out that the allegations in its counterclaims should be deemed admitted because [plaintiff] never filed an answer to those counterclaims." 868 F. Supp. 2d 1065, 1077 (D. Or. 2012). Beyond the pending summary judgment motions, Plaintiffs identify no other prejudice they would suffer by McMenamins filing a late answer. Thus, the lack of prejudice to Plaintiffs favors granting McMenamins' motion.

Second, the length of delay and its effect on the proceedings is neutral. On the one hand, the length of delay between the deadline to answer and the filing of the answer is extraordinary, at over 21 months. But on the other hand, Plaintiffs do not request extending or reopening any other deadlines in response to the untimely answer. This factor is neutral.

Third, the reason for delay weighs against extending the deadline to answer. McMenamins blames its negligent failure to answer the complaint on "(1) Plaintiffs' lack of amending their complaint; (2) the parties' mediation discussions; (3) counsel's necessary leaves of absence; and (4) how Plaintiffs decided to restart litigation." Dkt. No. 99 at 4. The Court finds McMenamins' attempts to blame Plaintiffs for its own failure to answer unfortunate and unpersuasive. Counsel's medical needs in 2023 are also unpersuasive when the answer was due in September 2022. Lastly, mediation discussions, whether real or ethereal, do not excuse court deadlines on their own. McMenamins identifies no reason that would excuse its delay beyond carelessness and neglect. Thus, there is no persuasive reason for the delay here.

Fourth, there is no allegation McMenamins acted in bad faith. While Plaintiffs argue McMenamins was culpable because it received notice of the amended complaint and did not file an answer (Dkt. No. 104 at 3), that does not equate with bad faith which generally "means acting

ORDER GRANTING MOTION FOR RELIEF FROM DEADLINE - 4

with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (describing bad faith in the context of a motion for leave to amend). The lack of bad faith by McMenamins in failing to answer favors granting the extension of time.

In all, McMenamins has no justification for failing to answer on time, but the lack of prejudice to Plaintiffs, bad faith, or need to delay the proceedings, support a finding of excusable neglect that warrants an extension of time.

### III.  CONCLUSION

For these reasons, the Court GRANTS McMenamins' motion for relief from deadline to file its answer. Dkt. No. 99.

Dated this 31st day of July, 2024.

Kymberly K. Evanson
United States District Judge